1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| JING FEI JIANG,<br><br>          Petitioner,<br><br>vs.<br><br>MICHAEL MUKASEY, et al.,<br><br>          Respondents. | Case No. CV 08-7179-TJH (JWJ)<br><br>**MEMORANDUM AND ORDER** |

On October 30, 2008, petitioner Jing Fei Jiang filed in this Court a "Petition For Writ Of Habeas Corpus By A Person In Federal Custody under 28 U.S.C. § 2241" (hereinafter "Petition"), wherein petitioner contends that he is being unlawfully detained by the Department of Homeland Security ("DHS").  (Petition, p. 2.)  On March 27, 2009, respondents filed a "Notice re: Release of Petitioner From Custody" (hereinafter "Notice"), stating on or about March 23, 2009, petitioner was released from custody.  (Notice, p. 1.)  Respondents argue that petitioner's release from custody renders the current Petition moot and requests that the Petition be dismissed for lack of jurisdiction.  (Id. at 1-3.)  In support of their request for dismissal, respondents' submit Exhibit "A" indicating that petitioner was released from custody.

The case or controversy requirement of Article III of the federal

1   Constitution deprives the court of jurisdiction to hear moot cases.  Iron Arrow

2   Honor Soc'y v. Heckler, 464 U.S. 67, 70, 104 S. Ct. 373, 78 L. Ed. 2d 58

3   (1983); NAACP Western Region v. City of Richmond, 743 F.2d 1346, 1352

4   (9th Cir. 1984).  A case becomes moot if the "issues presented are no longer

5   'live' or the parties lack a legally cognizable interest in the outcome."  Murphy

6   v. Hunt, 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1984).  The

7   Court does not have power to decide a case that does not affect the rights of

8   litigants in the case before it.  Lewis v. Continental Bank Corp., 494 U.S. 472,

9   477-78, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990); Defunis v. Odegaard, 416

10  U.S. 312, 316, 94 S. Ct. 1704, 40 L. Ed. 2d 164 (1974); Mitchell v. Dupnik,

11  75 F.3d 517, 527-28 (9th Cir. 1996).  In other words, a petitioner must have

12  suffered an actual injury that is traceable to the respondent and can be

13  redressed by a favorable decision.  Spencer v. Kemna, 523 U.S. 1, 118 S. Ct.

14  978, 983, 140 L. Ed. 2d 43 (1998); NAACP v. Western Region, 743 F.2d at

15  1353.

16      Here, petitioner requested release from physical custody.  (Petition, p. 2.)

17  Since petitioner has been released from custody, there is no further relief this

18  Court can provide.  Picrin-Person v. Rison, 930 F.2d 773, 775-76 (9th Cir.

19  1991).  Accordingly, this case is moot.

20      The mootness rule is subject to a "capable of repetition yet evading

21  review" exception.  See Nebraska Press Assn. v. Stuart, 427 U.S. 539, 546, 96

22  S. Ct. 2791, 49 L. Ed. 2d 683 (1976); GTE California Inc. v. Federal

23  Communications Comm'n, 39 F.3d 940, 945 (1994).  The exception is met

24  when:  (1) the "duration of the challenged conduct is too brief ever to be fully

25  litigated prior to its cessation;" and (2) there is a reasonable probability that

26  the petitioner will again be subject to the challenged activity.  Mitchell, 75

27  F.3d at 528; GTE California, 39 F.3d at 945.

28      While petitioner's confinement is capable of repetition, there is no

- 2 -

1  reason why petitioner cannot again file a habeas corpus petition concerning the

2  alleged violation of his liberty interest.  Moreover, this Court cannot now

3  determine if future confinement of petitioner will violate his constitutional

4  rights.  Any fear that the Immigration and Customs Enforcement Service may

5  take action against petitioner in the future does not create a case or controversy

6  because such a case is not ripe for adjudication.  See Associated Gen.

7  Contractors v. Coalition for Econ. Equity, 950 F.2d 1401, 1406 (9th Cir.).

8

9                                        **ORDER**

10         For all of the foregoing reasons, **IT IS HEREBY ORDERED** that

11  petitioner's habeas corpus petition is **dismissed as moot.**

12

13         **IT IS SO ORDERED.**

14

15  DATED:_____5/4/09_____

16

17                                             _____

18                                             TERRY J. HATTER, JR.
                                               United States District Judge

19

20  Presented by:

21  DATED:___April 28, 2009___

22

23

24  _____
    JEFFREY W. JOHNSON

25  United States Magistrate Judge

26

27

28

                                        - 3 -